OPINION OF THE COURT
MICHAEL SALMON, Circuit Judge.
The Appellant was charged and convicted of fleeing a police officer. He seeks reversal upon the claim that an impermissible comment upon his right to remain silent was made to the jury. We agree, and reverse.
Two undercover officers, riding bicycles, observed the Appellant driving carelessly. They ordered him to stop. Apparently believing that *53 the officers had no radios, and that he car could outrun the bicycles, he took off. He was wrong about the radios.
Glenn Harris was in the car with Appellant. During his testimony - he was called as a witness by the state - he was asked whether he heard the Appellant offer any explanation to the police officers why he didn’t stop. We consider this question to be an impermissible comment upon the Appellant’s right to remain silent that has not been established to be harmless beyond a reasonable doubt, State v DiGuilio, 491 So.2d 1129 (Fla. 1989).
Reversed and remanded for a new trial.
HENDERSON and KORNBLUM, JJ., concur.